MARINE ELECTRONICS SOLUTIONS INC; M E S Installations Inc; Donna Penney; Clay Mazyck, Plaintiffs–Appellees

v.

David DARR, Defendant–Appellant.

No. 07–30114.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 2007.

Thomas J. McGoey, II, Liskow & Lewis, Robert B. Worley, Jr., Jones Walker, New Orleans, LA, for Plaintiffs–Appellees.

Jack H. Tobias, Law Offices of Jack H. Tobias, New Orleans, LA, for Defendant–Appellant.

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM: *

We AFFIRM the district court's Judgment of Permanent Injunction entered August 31, 2006, except insofar as it precludes defendant-appellant David Darr from litigating in state court his claim that the Marital Settlement Agreement is a binding shareholder agreement under Florida law. We have ordered that claim remanded to state court. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

court's permanent injunction is VACATED with respect to that claim.

AFFIRMED IN PART, VACATED IN PART. Darr shall bear the costs of this appeal.

David DARR, Plaintiff—Appellant

v.

MARINE ELECTRONICS SOLUTIONS INC; M E S Installations Inc, Defendants—Appellants—Appellees

v.

Donna Penney; Clay Mazyck, Defendants—Appellees.

No. 06–31312.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 2007.

Jack H. Tobias, Law Offices of Jack H. Tobias, New Orleans, LA, for Plaintiff–Appellant/Defendants–Appellants–Appellees.

published and is not precedent except under

Robert B. Worley, Jr., Jones Walker, for Defendants–Appellees.

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM: [*]

We AFFIRM, in part, the district court's Judgment entered September 6, 2006, and its Order and Reasons denying plaintiff-appellant David Darr's Motion for Rehearing entered October 26, 2006, effectively dismissing all of Darr's federal and state law claims, except for breach of fiduciary duty, review of corporate records, and shareholder's derivative actions claims which were remanded to state court. We are not fully persuaded that the district court's conclusion—that the Marital Settlement Agreement is not a shareholder agreement under Florida law—is correct. Since that question is also governed by state law and is tied to the three claims that the district court remanded to state court, we think that the wiser course is to VACATE the portion of the district court's Judgment dismissing Darr's claim that his Marital Settlement Agreement is a binding shareholder agreement under Florida law and to REMAND that claim to the district court with instructions to remand the claim to the state court, so that it may be litigated with the other three state law claims.

AFFIRMED IN PART, VACATED AND REMANDED IN PART, with instructions. The costs of this appeal shall be borne by Darr.

Miriam TINSLEY, Plaintiff–Appellant

v.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.